UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| FELIPE G. VARGAS,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS EARL & GRANT COUNTY,<br><br>    Defendants. | No. CV-06-146-JLQ<br><br>ORDER ON MOTIONS HEARD<br>ON NOVEMBER 25, 2008 |

  Innumerable motions were heard by the court on November 25, 2008. George Ahrend and Garth Dano appeared for the Plaintiff. Nicholas Jenkins and Garth Dano represented Grant Count. The Defendant Thomas Earl, et ux, appeared by Mr. Earl *pro se.* The parties are familiar with the procedural history and factual background which is referenced in this court's November 26, 2008 Order Denying Grant County's Motion For Summary Judgment Re: Attorney Malpractice Claim (C.R. 265). All Motions To Expedite Hearing are **GRANTED.** (C.R. 205,227,255).

## POLYGRAPH ISSUES

  There is a virtual plethora of motions and pleadings that have been filed concerning the admissibility of the polygraph tests of Mr. Vargas and the testimony of witnesses concerning the results and reliability of polygraph tests in general and those of Mr. Vargas in particular. *Inter alia,* there are disputes as to whether the testing of Mr. Vargas was done pursuant to an agreement between Grant County Deputy Prosecutor Fair, whether the report of Dr. Barland concerning the polygraph reliability was timely disclosed and whether Dr. Barland should be allowed to testify at trial. All motions to

ORDER - 1

expedite hearing on the polygraph motions are **GRANTED** and any unresolved motions in connection with the polygraph issues shall be heard, along with the pending *Daubert* motions, commencing on Friday the 12th day of December, 2008 at 9:30 a.m. Grant County shall serve and file their polygraph expert witness report(s) on or before December 5, 2008.

Clerk's Record 165-Plaintiff's Motion Re: Stipulated Polygraph. The Plaintiff seeks a pre-trial ruling on the admissibility of of the King polygraph examination of Mr. Vargas based upon the alleged stipulation of Deputy Prosecutor Fair in the criminal proceedings against Mr. Vargas. Issues of fact exist concerning whether agreement was reached and for that reason the Motion based upon the alleged stipulation is **DENIED**. This ruling does not prohibit the Plaintiff from offering in evidence the results of the King polygraph examination as independent evidence of the Plaintiff's actual innocence if the court's December 12, 2008 *Daubert* ruling so allows.

Clerk's Record 226-Defendant's Motion To Strike and Exclude Polygraph Disclosure. The Defendant Grant County seeks to strike the submittal of the Plaintiff containing Dr. Barland's declaration. That Motion is **DENIED**, provided however, that in view of Dr. Barland's belated disclosure, Dr. Barland may not testify in Plaintiff's case in chief, but may testify in rebuttal if the Defendant(s) offer testimony as to the lack of reliability of polygraph tests in general or that of Mr. Vargas in particular.

Clerk's Record 252-Grant County's Motion To Strike Plaintiff's Motion For *Daubert* Hearing is **DENIED** in view of the court's scheduling of the hearing for December 12, 2008.

## MOTION TO STRIKE

Grant County has filed a Motion To Strike Declarations of Schiffner, Haas, and Lindholdt (C.R. 203). That Motion is **GRANTED** as being unopposed by the Plaintiff. Mr. Schiffner was disclosed on Plaintiff's List of Witnesses as testifying to the performance of Mr. Earl under his contract with Grant County. Mr. Schiffner's testimony

ORDER - 2

will be limited to that matter.

## BRADY ISSUES

Finally, the court heard Defendant Grant County's Motion for Summary Judgment Re: *Brady* Claim (C. R. 160), to which the Plaintiff responded in opposition (Ct. Rec. 220) and Defendant Grant County replied (C. R. 235). The motion is **DENIED**. The Defendants argue that the language of cases such as *Becker v. Kroll*, 494 F.3d 904, 924 (10th Cir. 2007) and *Taylor v. Waters*, 81 F.3d 429, 436 (4th Cir. 1996) create a simple and absolute bar against Mr. Vargas' civil rights claims. Grant County claims that since the charges in the case were dismissed with prejudice, Mr. Vargas cannot show that he was deprived of a constitutional right. Both of the cited cases involved § 1983 *Brady* claims by plaintiffs whose cases did not go to trial, but it should be noted that in neither case did the plaintiffs present evidence of pretrial incarceration or other burdens on their liberty equivalent to that experienced by Mr. Vargas. Grant County argues that a person who spent seven months in jail has no legitimate civil rights claim if the charges against him are later dismissed, regardless of the conduct or inaction of the attorney assigned by the County. The court does not agree. Such an interpretation would give *carte blanche* immunity to the conduct of attorneys and prosecutors during the pretrial phase of proceedings where the charges are later dismissed and the Plaintiff has been incarcerated for seven months. See this court's Order Denying Grant County's Motion for Summary Judgment Re: Attorney Malpractice Claim (C. R. 265) for further discussion.

Grant County argues that all exculpatory information was actually disclosed by the Prosecutor (C. R. 161, 7-9), but this argument improperly responds to Mr. Vargas' Amended Complaint. Mr. Vargas' claim is not against the Grant County Prosecutor nor any individual law enforcement official, it is against Grant County as a municipality. (C. R. 121). A municipality is liable under § 1983 if the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691-95,(1978). In order to prove

ORDER - 3

municipal liability, a plaintiff must establish "that, through its deliberate conduct, the municipality was the 'moving force' behind the [constitutional] injury alleged." *Board of County Commissioners of Bryan County v. Brown*, 117 S.Ct. 1382, 1388 (1997). Municipal liability on a § 1983 claim may not be premised on a *respondeat superior* theory, *Monell*, 436 at 693-94, but the failure of a municipality to train or supervise employees is actionable. *Walker v. City of New York,* 974 F.2d 293, 297-98 (2nd Cir. 1992).

The Amended Complaint alleges that Mr. Vargas' constitutional right of due process was violated by Grant County through their lack of training or supervision of prosecutorial staff and law enforcement personnel regarding their obligations under *Brady*. Whether or not such lack of training or supervision rises to the level of a violation of Mr. Vargas' constitutional right of due process represents a genuine issue of material fact. *Miranda v. Clark County*, 319 F. 3d 465, 469 (9th Cir. 2003); *Goldstein v. City of Long Beach*. 481 F. 3d 1170 (9th Cir. 2007).

## **ACTUAL INNOCENCE**

The court heard argument on Plaintiff Motion For Partial Summary Judgment re: Actual Innocence (C.R. 157) in which Plaintiff relied upon the Amended Information with typographical errors without the birthdate of Yesenia. The court stated that it was its impression that it was the original Information that caused the arrest and incarceration of Mr. Vargas while represented by Mr. Earl and that such would appear to be the charges that would govern the proof of innocence issue. *See Ang v. Martin*, 154 Wash. 2d 477, 484-85 (2005). Ruling on this Motion is **RESERVED**. The court will hear further argument on that matter on December 12, 2008.

In addition to the foregoing matters and in view of the large number of objections to exhibits and *motions in limine*, the court will also hear from counsel on December 12, 2008 on all exhibit objections and on such additional matters on which briefing has been completed. If hearing on such at issue motions and objections is not completed on

ORDER - 4

December 12, 2008. such unresolved matters will be heard at the pretrial conference in Spokane on January 16, 2009.

The Clerk of this court shall enter this Order and forward copies to counsel and to Mr. Earl.

**DATED** this 4th day of December 2008

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5