1

2

UNITED STATES DISTRICT COURT

3

EASTERN DISTRICT OF WASHINGTON

FELIPE G. VARGAS,

4

5

Plaintiff,

NO. CV-06-146-JLQ

6

v.

**PRETRIAL ORDER**

7

THOMAS F. EARL, et ux,

8

9

Defendants.

10

11

A pretrial conference was held concerning the above entitled cause on January 16,

12

2009 in Spokane, Washington.  George Ahrend and Garth Dano appeared on behalf of

13

the Plaintiff.  Defendant Thomas Earl appeared *pro se* and on behalf of the community

14

composed of Thomas and Gail Earl.

15

**I. NATURE OF PROCEEDINGS AND STATEMENT OF JURISDICTION**

16

This court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983 and

17

original jurisdiction pursuant to 28 U.S.C. § 1343.  Venue is proper under 28 U.S.C. §

18

1343(b).  No stipulated facts have been agreed to or filed by the parties.

19

**II. CONTENTIONS**

20

**A.  Plaintiff's Contentions**

21

1.  Mr. Earl, while acting under color of state law in an administrative capacity,

22

deprived the Plaintiff of his constitutionally guaranteed right to the effective assistance

23

of counsel through the performance of the following administrative functions:

24

a.  Determining how the overall resources of the fixed-fee public defense contract

25

with Grant County were to be spent and allocated between himself, his

26

subcontractors, investigators, expert witnesses, and other expenses;

27

b.  Determining the circumstances under which investigators and expert witnesses

28

would be hired;

ORDER - 1

    c.  Determining when to petition the court or the county for additional resources for investigators and expert witnesses;

    d.  Determining his own caseload and the caseloads of his subcontractors;

    e.  Training, supervising, monitoring, and evaluating his own performance and the performance of his subcontractors;

    f.  Determining how much time to allocate to public defense; and

    g.  Determining how to allocate his time between public defense and private practice.

    2.  The Plaintiff has withdrawn his negligence claim against the Defendants.

**B.  Defendants' Contentions**

    1.  The Defendants deny the specific acts and omissions alleged above.

    2.  The Defendants maintain that even if such acts and omissions occurred, they were not the proximate cause of any deprivation of the Plaintiff's constitutional right to the effective assistance of counsel.

## III.  ISSUES OF FACT

**A.  Plaintiff's Issues of Fact**

1.  Was Mr. Earl acting under the color of state law in an administrative capacity when the acts and omissions occurred?

2.  Were the acts and omissions the proximate cause of a deprivation of the Plaintiff's constitutional right to the effective assistance of counsel?

**B.  Defendants' Issues of Fact**

1.  Did Mr. Earl have an administrative role above and beyond his personal representation of the Plaintiff as a public defender?

2.  Did the acts and omissions alleged by the Plaintiff actually occur?

3.  Were the acts and omissions the proximate cause of a deprivation of the Plaintiff's constitutional right to the effective  assistance of counsel?

## IV.  ISSUES OF LAW

    There do not appear to be any remaining unresolved issues of law.

ORDER - 2

## V.  EXHIBITS

The following exhibits have been listed by the Plaintiff.  No authenticity objection has been filed.  Admissibility of proffered exhibits will be determined at trial. Some exhibits listed below have been withdrawn due to the settlement of claims against former Defendant Grant County:

**A.  Plaintiff's Exhibits**

1. Permanent legal resident card for Felipe Vargas.

2. Social Security card for Felipe Vargas.

3. Paycheck stub for Felipe Vargas.

4. [withdrawn]

5. [withdrawn]

6. Contract for the Provision of Legal Services: Superior Court, between Grant County and Thomas J. Earl (Dec. 18, 2000).

7. Washington Defender Association (WDA), Standards for Public Defense Services (Oct. 1989).

8. National Legal Aid & Defender Association (NLADA), Guidelines for Negotiating and Awarding Governmental Contracts for Criminal Defense Services (Dec. 3-4, 1984).

9. American Bar Association (ABA), Criminal Justice Section Report to the House of Delegates (July 1985) re: NLADA standards.

10. NLADA Model Contract for Public Defense Services (Dec. 1999).

11. Washington State Bar Association (WSBA), Report of the Blue Ribbon Panel on Criminal Defense (May 15, 2004), excluding appendices.

12. ABA, Ten Principles of a Public Defense Delivery System (Feb. 2002).

13. Decision, State v. Gonzalez, No. 12827-0-III (Wash. Ct. App., June 11, 1996).

14. Order Granting Petition for Writ of Habeas Corpus, Jackson v. Walter, No. CS-99-0192-EFS (E.D. Wash., Nov. 5, 2001).

15. Findings of Fact, Conclusions of Law & Hearing Officer's Recommendation,

ORDER - 3

1

In re Thomas J. Earl, No. 01#00054 (WSBA Disciplinary Board, June 18, 2003).

2    16. Disciplinary Board Order Regarding Hearing Officer's Findings of Fact,

3    Conclusions of Law & Recommendation, In re Thomas J. Earl, No. 01#00054

4    (WSBA Disciplinary Board, Nov. 24, 2003).

5    17. Petition for Suspension, In re Thomas J. Earl, No. 200,071-1 (Wash. Sup. Ct.,

6    Dec. 15, 2003).

7    18. Order of suspension, In re Thomas J. Earl, No. 200,071-1 (Wash. Sup. Ct.,

8    Feb. 11, 2004).

9    19. Letter from Stephen Hallstrom to Thomas Earl (June 26, 2001) re: payment for

10   services other than counsel.

11   20. April 21, 2003, letter from Thomas Earl to Grant County Board of County

12   Commissioners (BOCC) re: caseload.

13   21. Letter from Thomas Earl to BOCC (Jan. 19, 2004) re: caseload.

14   22. Letter from BOCC to Thomas Earl (Feb. 4, 2004) re: caseload, including

15   enclosure.

16   23. Letter from BOCC to Thomas Earl (Feb. 4, 2004) re: investigator fees,

17   including enclosure.

18   24. Letter from Thomas Earl to BOCC (Feb. 9, 2004) re: caseload.

19   25. Letter from BOCC to Thomas Earl (Feb. 18, 2004) re: termination of contract.

20   26. Information, State v. Vargas, No. 03-1-00946-9 (Grant Co. Super. Ct., Nov. 6,

21   2003).

22   27. Order Increasing/Decreasing Bail, State v. Vargas (Nov. 7, 2003).

23   28. Order Appointing Counsel ("The Defenders"), State v. Vargas (Nov. 7, 2003).

24   29. Order Setting Schedule & Directing Pretrial Procedure, State v. Vargas (Nov.

25   12, 2003).

26   30. Notice of Appearance (Thomas Earl), State v. Vargas (Nov. 24, 2003).

27   31. Waiver of Speedy Trial, State v. Vargas (Dec. 23, 2003).

28   32. Order Appointing Counsel on Provisional Basis (Steve Talbot), State v.

ORDER - 4

Vargas (Mar. 16, 2004).

33. Letter from Steve Talbot, State v. Vargas (Mar. 19, 2004).

34. Order Appointing Counsel on Provisional Basis (Garth Dano), State v. Vargas (Mar. 22, 2004).

35. Notice of Appearance (Garth Dano), State v. Vargas (Apr. 2, 2004).

36. Motion to Appoint An Attorney on the Public Defense Panel, State v. Vargas (Apr. 16, 2004).

37. Order Setting Conditions of Release, State v. Vargas (June 9, 2004).

38. [withdrawn]

39. Order of Dismissal with Prejudice, State v. Vargas (Aug. 31, 2004).

40. Transcript of preliminary appearance, State v. Vargas (Nov. 7, 2003).

41. Transcript of continued arraignment, State v. Vargas (Nov. 10, 2003).

42. Transcript of second continued arraignment, State v. Vargas (Nov. 12, 2003). Improper and false reference to prior conviction redacted.

43. Transcript of pretrial conference, State v. Vargas (Dec. 9, 2003).

44. Transcript of first trial date, State v. Vargas (Dec. 23, 2003).

45. Transcript of proceedings, State v. Vargas (Mar. 16, 2004).

46. Transcript of proceedings, State v. Vargas (Mar. 22, 2004).

47. Transcript of proceedings, State v. Vargas (Apr. 26, 2004).

48. Transcript of proceedings, State v. Vargas (May 4, 2004).

49. Transcript of proceedings, State v. Vargas (May 10, 2004).

50. Transcript of proceedings, State v. Vargas (May 17, 2004).

51. Transcript of proceedings, State v. Vargas (May 18, 2004).

52. Transcript of proceedings, State v. Vargas (May 25, 2004).

53. Transcript of proceedings, State v. Vargas (June 1, 2004).

54. Transcript of proceedings, State v. Vargas (June 7, 2004).

55. Transcript of proceedings, State v. Vargas (June 21, 2004).

56. Transcript of proceedings, State v. Vargas (June 22, 2004).

57. Transcript of proceedings, State v. Vargas (June 29, 2004).

58. Transcript of proceedings, State v. Vargas (July 13, 2004).

59. Transcript of proceedings, State v. Vargas (Aug. 10, 2004).

60. Transcript of proceedings, State v. Vargas (Aug. 24, 2004).

61. Transcript of proceedings, State v. Vargas (Aug. 31, 2004).

62. [withdrawn]

63. [withdrawn]

64. [withdrawn]

65. [withdrawn]

66. [withdrawn]

67. Polygraph report of Donald R. (Dick) King (Aug. 18, 2004).

68. Polygraph report of Doug Fearing (Aug. 9, 2004).

69. Grant County Jail attorney sign-in log (Nov. 7, 2003-Feb. 18, 2004).

70. [withdrawn]

71. [withdrawn]

72. [withdrawn]

73. [withdrawn]

74. [withdrawn]

The Defendants have filed no objection(s) to the authenticity or admissibility of Plaintiff's proffered exhibits.

**B. Defendants' Exhibits**

The Defendants have not filed an exhibit list, nor have they joined in the exhibit list filed by former Defendant Grant County.

**C. Plaintiff's Objections to Defendants' Exhibits**

There are no objections as the Defendants have not filed an exhibit list nor joined in the exhibit list filed by former Defendant Grant County.  The Plaintiff did timely file objections to the exhibit list filed by former Defendant Grant County.

**D. Defendants' Objections to Plaintiff's Exhibits**

ORDER - 6

No objections have been filed by the Defendants.

## VI.  WITNESSES

**A.  Plaintiff's Witnesses**

The following prospective fact witnesses may be called by the Plaintiff:

      1. Thomas Earl

      2. Doug Fearing

      3. Stephen Hallstrom

      4. Richard King

      5. Karla Krautscheid

      6. Peter McMahon

      7. Robert Schiffner

      8. Steven Talbot

      9. Felipe Vargas

      10. Garth Dano

The following expert witnesses may be called by the Plaintiff.

      11. Melvin Ott

      12. John Strait

The following witnesses may be called by the Plaintiff if the need arises.

      13. Leroy Allison

      14. Victor Guzman

      15. John Knodell

      16. Lucia Lopez

      17. Victor Lopez

      18. Angel Posadas

      19. Francisco Ruiz

      20. Cynthia Sanchez

      21. Honorable Evan Sperline

      22. Delfina Velasquez

ORDER - 7

23. Audifa Velasquez-Alberto

**B.  Defendants' Witnesses**

The Defendants have not filed a witness list, nor have they joined in the witness list filed by former Defendant Grant County.  The Defendants did orally express their intent to join in the witness list at the pretrial conference, but no such notice has yet been filed.

**C.  Plaintiff's Objections to Defendants' Witnesses**

No objections have been filed.

**D.  Defendants' Objections to Plaintiff's Witnesses**

No objections have been filed.

**E.  <u>PRIOR TO THE COMMENCEMENT OF JURY SELECTION ON JANUARY 26, 2009, EACH PARTY SHALL FURNISH THE COURT WITH A LIST OF WITNESSES TO  BE ACTUALLY CALLED, INCLUDING NAME, NATURE OF EMPLOYMENT, AND CITY OF RESIDENCE.</u>**

## VII. RELIEF SOUGHT

Plaintiff seeks to recover for the Defendant's actions, or inactions, taken while acting under the color of state law in an administrative capacity, which were the proximate cause of the Plaintiff's incarceration and deprivation of his constitutional right to the effective assistance of counsel and the award of appropriate damages.

## VIII.  ACTION BY THE COURT

The following Order is intended to memorialize and supplement the oral rulings of the court at the pretrial conference.

1. The Plaintiff's Motion to Allow Counsel to Conduct *Voir Dire* Exam (Ct. Rec. 285) is **DENIED**.  The court will sufficiently inquire as to the feelings of potential jurors regarding the subjects likely to be raised during the presentation of the case.  If appropriate and required, the court will allow direct inquiry by counsel for the Plaintiff and Mr. Earl on behalf of the Defendants.

2.  The Plaintiff's Motion for Partial Summary Judgment Re: Actual Innocence

ORDER - 8

(Ct. Rec. 157) is **DENIED** as sufficient oral notice of the typographical errors in the Amended Information was given to Plaintiff's counsel to put them on effective notice of the charges being brought.  The Plaintiff's incarceration was based on the original Information which remained in effect during the Defendant's representation of him. The Plaintiff's subsequent withdrawal of his state law negligence claim against the Defendant renders the ruling irrelevant to the trial.

3.  The court's rulings on any objections to the admissibility of exhibits and witness testimony are **RESERVED** until the time of the trial, at which time the parties must reassert their challenges to any evidentiary offering they find objectionable.

4.  The court rejected the Plaintiff's proffered polygraph evidence for the purpose of proving actual innocence. The fact of use of polygraph testing in Grant County is admissible.  The results of the Plaintiff's polygraph testing may be admissible, *inter alia,* for objective purposes such as a purported showing that the Plaintiff's incarceration would have been terminated early on if polygraph testing have been sought by the Defendant Earl.  Ruling thereon is **RESERVED**.

5.  Former Defendant Grant County's pending Motion in Limine (Ct. Rec. 247) is **STRICKEN** as Grant County is no longer party to the case.

## IX.  CONCLUSION

It is hereby **ORDERED** that the foregoing constitutes the Pretrial Order in this case and that upon filing hereof all pleadings pass out of the case on these issues and are superseded by this Order.  This Order may be amended by consent of the parties and approval of the court or by the court to prevent manifest injustice.

The Clerk is hereby directed to enter this Order, reflect that motions set forth in Ct. Recs. 157 and 285 are **DENIED** and Ct. Rec. 247 is **STRICKEN**, and furnish copies to counsel and Mr. Earl.

**DATED** this 22nd day of January, 2009.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 9