UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FELIPE G. VARGAS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>THOMAS A. EARL and the community composed of THOMAS A. EARL and GAIL A. EARL,<br><br>　　　　　　Defendants. | No. CV-06-146-JLQ<br><br>MEMORANDUM OPINION, ORDER AWARDING ATTORNEY FEES, and ORDER DIRECTING ENTRY OF JUDGMENT and CLOSING OF FILE |

This matter came regularly on for hearing on the Motion For Attorney Fees (C.R. 331) against Thomas Earl, *et ux* by counsel for the successful 42 U.S. C. 1983 Plaintiff, Felipe G. Vargas. Such fees are authorized by 42 U.S.C. § 1988. As has been the case throughout the prosecution of this action, the Defendants Thomas Earl and the community composed of Thomas Earl and Gail Earl have not responded to the Plaintiff's motion. Pursuant to Local Rule 7.1(h)(5), the court could deem that failure to be consent to the entry of an Order awarding attorney fees in the amount requested by the Plaintiff. Despite that failure, the court has reviewed the Plaintiff's requests and relied upon its recall and experience from presiding over this matter from its inception through the jury trial.

The Plaintiff initiated this action against the Earls and Grant County, Washington based upon the alleged deliberate indifference to the rights of the Plaintiff and others to the effective assistance of counsel when charged with criminal offenses in Grant County. From the filing of the complaint in 2006 until December 11, 2008, the action was vigorously defended by counsel for Grant County at every stage. The participation and

ORDER - 1

defense by Mr. Earl, the former Grant County Public Defender, was nominal until the settlement by Grant County and the subsequent trial against the Earls. The settlement by the Plaintiff of his claims against Grant County would have resolved the matter of the Plaintiff's entitlement to attorney fees from that entity for legal work prior to December 11, 2008.

In making the determination of the fees to be awarded to the Plaintiff from Thomas Earl, *et ux*, the court has in mind the excellent representation provided the Plaintiff by attorney George M. Ahrend and his firm. That representation was highly professional and competent. The jury verdicts of almost three million dollars speak for themselves as to the quality of Plaintiff's counsel representation. The court also has in mind that the prosecution of this action will have, hopefully, caused Grant County to fulfill and oversee its obligation to provide able and competent counsel, with reasonable caseloads, for those individuals charged in Grant County with alleged criminal offenses.

In making the determination of fees to be awarded against Mr. and Mrs. Earl, the court has in mind the factors discussed in *Hensley v. Eckerhart*, 461 U. S. 424 (1983) and *McCown v. City of Fontana*, 550 F. 3d 918 (9th Cir. 2008). Of those factors, this court determines that the requested hourly rate of $200 is most reasonable for the high quality of legal competence provided in this matter. The jury verdicts established that counsel for the Plaintiff presented his case with acumen and skill. The only element of concern is the Plaintiff's "approximation" of the number of hours attributable to pursuit of the claim against the Earls prior to the settlement by Grant County. The defense of this matter was carried almost entirely by counsel for Grant County prior to its settlement. Counsel for the Plaintiff suggests that of the 238.67 hours spent on this case prior to the settlement by Grant County, "approximately" one-fourth of that time should be assigned to the prosecution of the case against the Earls. However, as stated, *supra,* almost the entire proceedings before the Grant County settlement in December of 2008, were the result of the vigorous defense pursued by counsel for Grant County.

ORDER - 2

This court concludes that 25 hours of the time devoted to this case prior to December 11, 2008, were devoted to the Earl portion of the case. The court agrees that the 133.98 hours reasonably spent by counsel thereafter in preparation for and actual trial of this matter should be included in the Earl attorney fee computation. The court therefore finds that a total of 158.98 hours of attorney time were reasonably spent on the prosecution of the Earl case. Utilizing the reasonable rate of $200/hour, the court therefore finds that the lodestar attorney fee for the Earl portion of this case is $31,796.

Plaintiff also seeks the utilization of a 1.5 multiplier based upon the contingent nature of the attorney fee agreement, the novelty and difficulty of the questions involved, and the excellent result obtained in this case. The court finds those factors warrant and dictate the application of the 1.5 multiplier. This was not a standard malpractice case. *Inter alia,* this case required counsel for the Plaintiff to establish, to the satisfaction of all eight jurors, that in his administration of the Grant County Public Defenders contract and office, Mr. Earl was deliberately indifferent to the constitutional rights of those he was appointed to represent. The court concludes that a multiplier of 1.5 is warranted and required in this matter, with a resultant attorney fee award of $47,694.

The Clerk of this court shall file this Order, enter judgment in favor of the Plaintiff for attorney fees against Thomas Earl and the community composed of Thomas Earl and Gail Earl in the amount of $47,694, forward copies to counsel, and close this file.

Dated this 19th day of March, 2009.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3